**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  05a0576n.06**
**Filed:  July 7, 2005**

**04-3625**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARK E. LASER and VICKIE A. LASER, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN E. POTTER, Postmaster General, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: KEITH and DAUGHTREY, Circuit Judges, and WILLIAMS,[*] District Judge.

**PER CURIAM.**  Plaintiff Mark Laser brought this action, filed pursuant to the Rehabilitation Act, against his former employer, the United States Postal Service, claiming that his supervisors discriminated against him on account of a disability, specifically his affliction as a Vietnam veteran with post-traumatic stress disorder.  The Rehabilitation Act, 29 U.S.C. §§ 706 *et seq.*, incorporates Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 1211 *et seq.*, and prohibits an employer from harassing or discriminating against disabled individuals.  The district court granted summary judgment to the Postal Service, finding that Laser had failed to establish a prima facie case of disability discrimination because he presented no evidence that his supervisor harassed him because of his

---

[*]The Hon. Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

disability, retaliated against him for filing various complaints, or deliberately created intolerable working conditions with the intent to force Laser to retire. Laser now appeals that determination. He also contends that the district court erred in denying his motion for consideration, in excluding proffered expert testimony concerning Laser's sensitivity to harassment, and in refusing to extend the discovery deadline and trial date.

Our review of the record convinces us that the district court was correct in finding that the plaintiff had failed to establish a prima facie case. Moreover, the proffered statement by Laser's proposed expert witness failed to establish that his supervisor's conduct was based on Laser's disability. In addition, the plaintiff has failed to demonstrate prejudice resulting from the district court's denial of the motion to extend the discovery period and, therefore, any error in this regard must be considered harmless.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion dated April 6, 2004, and its opinion and order denying the motion to reconsider of the same date.